**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Rosette Wood, ) | C/A No. 4:10-927-CMC-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). In addition, Plaintiff also filed a separate motion for remand for new evidence pursuant to sentence six of 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on July 28, 2011, recommending that this court deny Plaintiff's motion for remand and affirm the decision of the Commissioner. Plaintiff filed timely objections to the Report. Dkt. No. 19. For the reasons set forth below, the court adopts the Report, denies Plaintiff's motion for remand, and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination

of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of an objection, the court reviews only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Magistrate Judge recommends that the court deny Plaintiff's motion for remand and affirm the Commissioner's decision. Plaintiff objects to the recommendation to affirm the Commissioner's decision and argues that the ALJ erred in (1) evaluating the opinion of her treating physician and (2) determining Plaintiff's residual functional capacity ("RFC"). *See* Dkt. No. 49. Plaintiff's objections do not address the motion for remand. First, the court will review the recommendation to deny Plaintiff's motion for remand for clear error, and then the court will consider Plaintiff's specific objections below.

## I.     MOTION FOR REMAND FOR NEW EVIDENCE

Plaintiff filed a motion for remand for new evidence pursuant to sentence six of 42 U.S.C. § 405(g), based on a subsequent favorable decision dated February 1, 2011. Dkt. No. 29. Plaintiff argues that a subsequent decision of the Commissioner finding her disabled constitutes new and material evidence. The subsequent decision, which was based on applications for SSI and DIB filed in April 2009 and alleging disability beginning January 31, 2009, found Plaintiff disabled between January 31, 2009 and February 1, 2011. Dkt. No. 29-3 at 5, 11. Plaintiff argues that this subsequent favorable disability determination, with an onset date so close in time to the ALJ's finding of no disability on February 2, 2009, is new, material evidence that requires remand. Dkt. No. 29 at 4.

The court may remand a case pursuant to sentence six "upon a showing that there is new evidence which is material and that there is a good cause for failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Plaintiff has the burden of establishing that remand is appropriate. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Remand for new evidence is appropriate if (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to

the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Hackler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g)).

Plaintiff makes no attempt to satisfy the *Borders* factors, but rather relies solely on a subsequent finding of disability as new, material evidence. *See* Dkt. 29 at 3-6. For the reasons stated in the Report, the court concludes that a subsequent finding of disability does not, alone, necessarily constitute new and material evidence.[1] Dkt. No. 42 at 4-6. A subsequent finding of disability does not relieve Plaintiff of her burden of satisfying the *Borders* factors. Plaintiff has failed to satisfy the *Borders* factors, particularly by failing to identify that new evidence exists that is relevant to the determination of disability at the time the application was first filed in this claim

---

[1] Some courts have remanded cases under sentence six based on a subsequent favorable finding of disability. *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010) (remand based on subsequent favorable decision appropriate where the parties agreed to a remand and where there was only one day between the denial of the first application and the disability onset date in her successful second application); *Reichard v. Barnhart*, 285 F.Supp.2d 728, 734 (S.D. W. Va. 2003) ("in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.") The court, however, is persuaded by the line of cases that have concluded that a subsequent favorable decision in a new claim for SSI does not alone require remand. *Allen v. Astrue*, 561 F.3d 646, 654 (6th Cir. 2009) ("In the case of a subsequent favorable determination, a sentence six remand is appropriate only if the plaintiff can show new substantive evidence that might have changed the outcome of the prior proceeding, and good cause for failing to bring this evidence in the original proceeding."); *Johnson v. Astrue*, 3:09-cv-02458, *3-4 (D.S.C. Mar. 15, 2011) ("evidence of the later favorable determination should not properly be considered in this matter because it is not part of this administrative record" and "Plaintiff did not satisfy the requirement that a claimant seeking to introduce new evidence make at least a general showing of the nature of the new evidence.").

for SSI and DBI,[2] and by failing to show that good cause exists why that evidence was not previously submitted to the Commissioner.

The court adopts the Report with respect to Plaintiff's motion to remand, and Plaintiff's motion to remand is, therefore, denied.

## II.   ALJ'S DECISION

Plaintiff objects to the Magistrate Judge's conclusion that the Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence. Dkt. No. 49. According to Plaintiff, the Magistrate Judge erred in finding that (1) the ALJ's analysis of the treating physician's opinion was sufficient, and (2) the ALJ properly evaluated Plaintiff's residual functional capacity. Dkt. No. 49 at 1, 5. After reviewing the record, the court agrees with the Report and finds that the ALJ's decision with respect to Plaintiff's treating physician's opinion and residual functional capacity is supported by substantial evidence.

**Treating Physician.** Plaintiff argues that the ALJ improperly assigned minimal weight to the opinion of Plaintiff's treating physician, Dr. Taylor. Dkt. No 49 at 4. Although Dr. Taylor opined that Plaintiff likely would be absent from work due to her medical problems, the ALJ did not assign controlling weight to that opinion because it was inconsistent with Dr. Taylor's own treatment notes and with the objective medical evidence of record. Tr. 19. The Report found that the ALJ applied the appropriate legal standard and his decision to give minimal weight to certain opinions of Dr. Taylor was supported by substantial evidence. Dkt. No. 42 at 11. This court agrees.

---

[2] Plaintiff only states that the ALJ in the subsequent decision considered "fairly extensive medical evidence, much of which was not available to Judge Avots, who issued the prior decision." Dkt. No. 29 at 2. Plaintiff never explains what the medical evidence is or why it is relevant to Plaintiff's claim for SSI and DIB in this case, which involves an earlier time period.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir.2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

In this case, the ALJ found that Dr. Taylor's opinion that Plaintiff likely would miss more than one hour during an eight-hour workday, one day per five-day work week, and three days per month was not supported by "objective medical evidence." Tr. 24. The ALJ discussed the medical evidence and explained why he did not give Dr. Taylor's opinion controlling weight with regard to expected absences from work. Tr. 20-24. The ALJ found that Dr. Taylor's records indicated improvement in Plaintiff's conditions with conservative treatment, and after considering all of the evidence, the ALJ concluded that Dr. Taylor's opinion on expected absences was not supported by objective medical evidence. Tr. 24. It is not for the court to re-weigh the evidence presented to the ALJ. Rather it is the court's limited function to determine whether the ALJ's decision applied the appropriate legal standard and is supported by substantial evidence. In this case, the ALJ thoroughly reviewed the medical evidence, articulated specific reasons for discrediting Dr. Taylor's opinion, and cited persuasive contradictory evidence. Therefore, having reviewed the record, the court finds that the ALJ's decision to accord less weight to certain aspects of Dr. Taylor's opinion is supported

by substantial evidence, and is adequately explained as required by law.

**Residual Functional Capacity.** Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's RFC. Dkt. No. 49 at 5-8. Plaintiff first argues that the ALJ ignored Plaintiff's need to elevate her legs when sitting. Dkt. No. 49 at 6. The ALJ did not ignore the issue of leg elevation. In fact, the ALJ mentioned in several sections of his decision that Plaintiff testified that she needed to elevate her legs. Tr. 24-26. However, the ALJ did not find Plaintiff credible, and discounted her testimony appropriately. Tr. 27. Plaintiff is unable to identify other records that indicate Plaintiff's need to elevate her legs while sitting, except one report from a visit with a non-treating physician.[3] The ALJ weighed all of the evidence regarding leg elevation and substantial evidence supports his decision not to include leg elevation in Plaintiff's RFC.

Plaintiff also argues that the ALJ ignored her need for an assistive device for walking or standing. Dkt. No. 49 at 7-8. In his decision, the ALJ acknowledged that Plaintiff reported that she used a cane, but he did not find Plaintiff's testimony credible. Tr. 26-27. The ALJ found other evidence more credible, including evidence that she completed a Gross Balance Test without an assistive device, and found that Plaintiff had the RFC to perform sedentary work. Tr. 26-27. Even assuming that Plaintiff does require a cane, there is no indication that use of a cane would prevent

---

[3] The Report states that "there is no indication from her treating physician that she needed to elevate her legs on a daily basis." Dkt. No. 42 at 14. Plaintiff argues that this statement is incorrect because there is evidence of "Dr. Taylor's advice to [Plaintiff] that, because of the edema in her leg, that she needed to . . . keep her leg elevated above heart level when she was not walking on it." Dkt. No. 49 at 6. Although the record does contain a report from Dr. Chris McCarthy dated March 17, 2006 that Plaintiff should "prop leg above heart when not walking or active," Dr. McCarthy is not her treating physician. Tr. 458. In a prior brief, the Commissioner describes the visit with Dr. McCarthy as a "one-time appointment with Plaintiff." Dkt. No. 19 at 23. Plaintiff never rebuts this statement in subsequent briefs, but rather reargues that it was "Dr. Taylor's advice" to elevate Plaintiff's legs and cites to only one report – a report written by Dr. McCarthy, not Dr. Taylor. Dkt. No. 49 at 6.

Plaintiff from performing the minimal standing, walking and carrying requirements of sedentary work. *See*, *e.g.*, *Grebenick v. Chater*, 121 F.3d 1193 (8th Cir. 1997) (finding claimant who used a cane capable of performing sedentary work).

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge, denies Plaintiff's motion for remand, and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 14, 2011